# Illinois Official Reports

## Appellate Court

***Webb v. Holmes*, 2018 IL App (3d) 170167**

| | |
|---|---|
| Appellate Court Caption | ROBERT IUFFUES WEBB II, Plaintiff-Appellant, v. JANICE HOLMES, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-17-0167 |
| Filed | September 14, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 16-AR-637; the Hon. Barbara N. Petrungaro, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Robert Iuffues Webb II, of Joliet, appellant *pro se*.<br><br>J. Genice Holmes, of Joliet, appellee *pro se*. |
| Panel | PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion.<br>Justices Holdridge and O'Brien concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Robert Iuffues Webb II, who is not an attorney, brought an action against defendant, Janice Holmes, for unjust enrichment and breach of an implied or oral contract relating to defendant's alleged failure to pay plaintiff for legal services that plaintiff had performed for defendant. Defendant filed a motion to dismiss plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)). Plaintiff filed a response and opposed the motion. Following a hearing, the trial court granted defendant's motion and dismissed plaintiff's complaint with prejudice. Plaintiff appeals. We affirm the trial court's judgment.

¶ 2                                                    FACTS

¶ 3    In September 2016, plaintiff filed a verified two-count complaint against defendant in the trial court for unjust enrichment and for breach of an implied-in-fact contract or, alternatively, an oral contract. Plaintiff alleged in the complaint that (1) he was a well-known community activist and a self-represented civil- and constitutional-rights litigator; (2) he entered into a verbal and "handshake" contractual agreement with defendant whereby plaintiff was to assist defendant with legal research and technical writing in defendant's effort to file and proceed with a discrimination case in federal court; (3) in return, defendant was to pay plaintiff $150 plus 10% of any settlement she received; (4) pursuant to the parties' agreement, plaintiff advised defendant how to proceed with the federal case, drafted numerous documents for defendant (a complaint, other court-filed documents, and documents relating to discovery), and accompanied defendant to the federal courthouse to show defendant where to file the case and where the courtrooms and certain offices were located; (5) as plaintiff was working on the case, defendant paid plaintiff $150 plus some other money she had "rolled up"; (6) at some point, plaintiff contacted defendant to inquire as to the status of certain discovery matters, and defendant told plaintiff that she had hired an attorney to represent her in the federal case and that plaintiff was not to contact her anymore; (7) in July 2016, plaintiff checked with the clerk's office for the federal court and learned that defendant had settled her case the previous month; (8) plaintiff tried to contact defendant by telephone and text message to remind defendant about their agreement but was not successful in obtaining any further money from defendant; (9) plaintiff conferred a benefit upon defendant, of which defendant had knowledge, and defendant voluntarily accepted and retained that benefit; (10) under the circumstances of the present case, it would be inequitable for defendant to retain the benefit she received unless defendant paid plaintiff the value of that benefit; (11) defendant had been unjustly enriched at the expense of plaintiff; (12) in addition, as a result of the parties' agreement, there arose an implied obligation on the part of defendant to compensate plaintiff for the amount of time and energy that plaintiff contributed toward the legal research and technical writing necessary to commence and proceed with defendant's federal case; (13) despite the terms of the parties' agreement, defendant failed to honor and fulfill her obligation to plaintiff; and (14) plaintiff was entitled to damages as a result of defendant's unjust enrichment and breach of implied or oral contract.

¶ 4    In November 2016, defendant filed a section 2-615 motion to dismiss plaintiff's complaint. Among other things, defendant claimed in the motion that (1) plaintiff had essentially alleged in his complaint that he had agreed to perform legal services for defendant

and that she had agreed to pay him for those services $150 plus 10% of any settlement she received in her litigation against her former employer (the federal case); (2) even if plaintiff's allegations were true, plaintiff was not entitled to any relief because he was seeking compensation for legal services and did not allege in his complaint that he was licensed to practice law; (3) plaintiff was not, and had never been, licensed to practice law; (4) the Attorney Act (705 ILCS 205/1 (West 2016)) prohibited any person who was not a licensed attorney from receiving compensation for providing legal services; (5) based upon his own allegations, plaintiff engaged in the unauthorized practice of law; (6) pursuant to the Attorney Act, plaintiff could not be compensated for the legal services he provided; and (7) plaintiff's complaint, therefore, should be dismissed with prejudice.[1] Plaintiff filed a response and opposed defendant's motion to dismiss. In the response, plaintiff complained that defendant's motion had been improperly "ghost written" by a licensed attorney in violation of Illinois Supreme Court Rule 137 (eff. July 1, 2013), that defendant's motion was actually an improper unsupported motion for involuntary dismissal under section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2016)), and that he had told defendant in their initial discussions that he was not a licensed attorney. Defendant filed a reply to that response and maintained her initial position and also asserted that her motion was a motion for judgment on the pleadings pursuant to section 2-615(e) of the Code (*id.* § 2-615(e)).

¶ 5      In January 2017, a hearing was held on defendant's motion to dismiss. At the conclusion of the hearing, the trial court took the case under advisement. The following month, the trial court issued a written decision. In its ruling, the trial court found that (1) plaintiff had provided defendant with legal services; (2) under the Attorney Act, plaintiff was unable to seek compensation for those services; and (3) it was clearly apparent that no set of facts could be proven that would entitle plaintiff to recovery. The trial court, therefore, granted defendant's section 2-615 motion and dismissed plaintiff's complaint with prejudice. Plaintiff appealed.

¶ 6                                ANALYSIS

¶ 7      On appeal, plaintiff argues that the trial court erred in granting defendant's motion to dismiss. In support of his argument, plaintiff makes two main assertions. First, plaintiff asserts that the defendant and the attorney who "ghost wrote" defendant's *pro se* motion violated Rule 137 because the attorney drafted the motion but did not file an appearance in the trial court and did not sign the motion as the drafter. Instead, the motion was only signed by defendant *pro se*. Second, plaintiff asserts that defendant's motion was actually a section 2-619(a)(9) motion for involuntary dismissal because it attempted to assert affirmative matter—the Attorney Act—to defeat plaintiff's claims. Plaintiff asserts further that defendant's motion should have been denied as such because it was not properly supported by affidavit or documentary evidence. Plaintiff contends that had defendant's motion been properly classified as a section 2-619(a)(9) motion to dismiss and properly supported, he

---

[1]Defendant also claimed, in the alternative, that even if plaintiff was a licensed attorney, the parties' agreement would still be unenforceable because the agreement did not comply with the requirements for contingent-fee agreements under the Illinois Rules of Professional Conduct of 2010 (Ill. R. Prof'l Conduct (2010) R. 1.5(c) (eff. Jan. 1, 2010)). The trial court did not address that argument in its later decision.

would have been given an opportunity to submit a counteraffidavit to show that defendant's motion was filed in bad faith and that it should have been denied outright. For those reasons, plaintiff asks that we reverse the trial court's judgment, that we remand this case with directions for further proceedings, and that we impose sanctions upon defendant and the attorney who "ghost wrote" her motion to dismiss.

¶ 8        Defendant argues that the trial court's ruling was proper and should be upheld. In response to plaintiff's contentions, defendant asserts first that Rule 137 specifically allows a licensed attorney to assist a *pro se* litigant in drafting documents without having to file an appearance and without having to sign the documents. Furthermore, defendant points out that she stated in open court during the trial court proceedings that the attorney who represented her in her federal case was going to be helping her with this case. Thus, defendant contends that there was no "ghost writer" in this case and that there was no violation of Rule 137. Second, defendant asserts that her motion to dismiss was a proper section 2-615(e) motion for judgment on the pleadings and not a section 2-619(a)(9) motion to dismiss as plaintiff contends. In making that assertion, defendant notes that the law she cited in her motion to dismiss was not an affirmative matter under section 2-619 but, rather, was an Illinois statute and regulation that the trial court could properly take judicial notice of in a section 2-615(e) proceeding. Defendant maintains, therefore, that the trial court correctly granted her motion to dismiss and that this court should affirm the trial court's judgment.

¶ 9        After having reviewed defendant's motion in the present case, despite the parties' contentions to the contrary, we find that defendant's motion is best characterized as a section 2-615 motion to dismiss and not as a section 2-615(e) motion for judgment on the pleadings or a section 2-619(a)(9) motion for involuntary dismissal. Unlike a section 2-615(e) motion for judgment on the pleadings, defendant's motion in the present case was not filed after the pleadings were closed and was not directed toward certain admissions in the pleadings. See 3 Richard A. Michael, Illinois Practice, Civil Procedure Before Trial § 27:2 (1989) (indicating that a section 2-615(e) motion for judgment on the pleadings is usually filed after all of the pleadings are closed and is usually based upon certain admissions in the pleadings). In addition, even if section 1 of the Attorney Act was affirmative matter that could be raised in a section 2-619(a)(9) motion to dismiss, defendant still would have been able to properly raise that matter in her section 2-615 motion in the instant case because the factual basis of that affirmative defense was set forth in the allegations contained in plaintiff's own complaint wherein plaintiff alleged that pursuant to the parties' agreement, he was entitled to a percentage of the defendant's federal settlement for legal services he had performed. See *id.*; *K. Miller Construction Co. v. McGinnis*, 238 Ill. 2d 284, 291-92 (2010) (recognizing that an affirmative defense may be properly raised in a section 2-615 motion to dismiss when the defense is established by the facts apparent on the face of the complaint and no other facts alleged in the complaint negate the defense). From this point forward, therefore, we will treat defendant's motion as being a section 2-615 motion to dismiss.

¶ 10        It is well settled that a section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based upon defects that are apparent on the face of the complaint. *Heastie v. Roberts*, 226 Ill. 2d 515, 531 (2007). In ruling upon a section 2-615 motion, a court may consider only those facts apparent from the face of the complaint, matters of which the court can take judicial notice, and judicial admissions of record. *K. Miller Construction Co.*, 238 Ill. 2d at 291. In addition, the court must accept as true all well-pled facts and all reasonable

inferences that may be drawn from those facts. *Heastie*, 226 Ill. 2d at 531. "The critical inquiry in deciding upon a section 2-615 motion to dismiss is whether the allegations of the complaint, when considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Board of Directors of Bloomfield Club Recreation Ass'n v. The Hoffman Group, Inc.*, 186 Ill. 2d 419, 424 (1999). A cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that the plaintiff cannot prove any set of facts that will entitle the plaintiff to relief. *Heastie*, 226 Ill. 2d at 531.

¶ 11    Section 1 of the Attorney Act, which is relied upon by defendant in the instant case, provides, in pertinent part, that:

> "No person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State.
>
> No person shall receive any compensation directly or indirectly for any legal services other than a regularly licensed attorney, nor may an unlicensed person advertise or hold himself or herself out to provide legal services.
>
> \*\*\*
>
> Any person practicing, charging or receiving fees for legal services or advertising or holding himself or herself out to provide legal services within this State, either directly or indirectly, without being licensed to practice as herein required, is guilty of contempt of court and shall be punished accordingly, upon complaint being filed in any Circuit Court of this State. The remedies available include, but are not limited to: (i) appropriate equitable relief; (ii) a civil penalty not to exceed $5,000, which shall be paid to the Illinois Equal Justice Foundation; and (iii) actual damages. Such proceedings shall be conducted in the Courts of the respective counties where the alleged contempt has been committed in the same manner as in cases of indirect contempt and with the right of review by the parties thereto." 705 ILCS 205/1 (West 2016).

¶ 12    In the instant case, after having reviewed plaintiff's complaint and having considered the statute cited above, we find that the trial court properly granted defendant's section 2-615 motion to dismiss. The allegations of plaintiff's complaint, taken as true, establish that plaintiff performed legal services for defendant (see *People ex rel. Chicago Bar Ass'n v. Tinkoff*, 399 Ill. 282, 288 (1948) (recognizing that in addition to representing a party in court, actions such as giving advice, counseling, drafting legal documents, and participating in transactions may also constitute the practice of law)) and that defendant agreed to pay plaintiff $150 plus 10% of the settlement in her federal case in exchange for the services rendered. Plaintiff did not allege, however, that he is an attorney, and it is clear that plaintiff is not an attorney. Thus, under Illinois law, plaintiff cannot, under any circumstances, receive compensation for the legal services he performed. See 705 ILCS 205/1 (West 2016). Indeed, upon the filing of an appropriate contempt complaint, the trial court could have found plaintiff guilty of contempt for charging for legal services. See *id.* Furthermore, there is no amendment that plaintiff could have made to his complaint that would have allowed him to receive compensation for the legal services he performed. See *id.* The trial court, therefore, correctly granted defendant's section 2-615 motion to dismiss plaintiff's complaint. See *Heastie*, 226 Ill. 2d at 531.

¶ 13        Having reached that conclusion, we must take a moment to comment upon plaintiff's claim that Rule 137 was violated in this case because a licensed attorney improperly "ghost wrote" defendant's motion to dismiss without filing an appearance and without signing the motion as drafter. Contrary to plaintiff's assertion, however, Rule 137(e) makes clear that such assistance, provided by an attorney, is completely appropriate. See Ill. S. Ct. R. 137(e) (eff. July 1, 2013) (indicating that an attorney may assist a self-represented person in drafting or reviewing a pleading, motion, or other document without making a general or limited scope appearance and without signing the pleading, motion, or other document). We, therefore, find no merit to plaintiff's Rule 137 claim.

¶ 14                                CONCLUSION
¶ 15        For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 16        Affirmed.